UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x
ROBERT PLUMMER,                                  :
                   Plaintiff,        :
                                        :
                                      :        <ins>AMENDED
                                      :        COMPLAINT AND
       -against-                            :        JURY DEMAND</ins>
                                        :
                                        :        No. 14-cv-352 (JGK)
GENERAL NUTRITION CORPORATION       :
D/B/A GENERAL NUTRITION CENTER       :
and MARLON CLEMONS,                           :
                                        :
                     Defendants.   :
_____x

## PRELIMINARY STATEMENT

1.    This is an action for monetary damages (compensatory and punitive) arising out of the false arrest and false imprisonment and assault and battery of ROBERT PLUMMER.

2.    The Plaintiff, ROBERT PLUMMER, through his attorneys, complaining of the defendants, respectfully alleges:

## JURISDICTION

3.    This action is brought under the laws of New York State.

4.    This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332, in that the action is between citizens of different States, and the amount in controversy exceeds $75,000.00 excluding interest and costs.

5.      Venue is laid within the United States District Court for the Southern District of New York in that the claims alleged in the complaint occurred within the boundaries of the Southern District of New York, particularly New York County.

## PARTIES

6.      Plaintiff at all times relevant hereto resided in the City and State of New York, County of New York.

7.      That DEFENDANT GENERAL NUTRITION CORPORATION, d/b/a GENERAL NUTRITION CENTER and GNC ("GNC") is incorporated in the Commonwealth of Pennsylvania and maintains its principal place of business in Pittsburgh, Pennsylvania.

8.      That DEFENDANT MARLON CLEMONS was at all times relevant hereto an employee of DEFENDANT GNC and a citizen of State other than the State of New York.

## FACTUAL ALLEGATIONS

9.      On January 21, 2013, Plaintiff entered a GNC store located at 121 West 125th Street, NY, NY and owned and operated by DEFENDANT GNC, to purchase two containers of protein powder.

10.     Plaintiff, who at the time was a sports agent, was planning to fly to the Dominican Republic the next day with the protein powder.

11.     The previous week plaintiff had purchased a GNC gold card which gave him discounts on GNC purchases.

12. At the time he paid for his GNC gold card plaintiff was told that he was not required to have the card with him when shopping at GNC and that whenever he made a GNC purchase, provided that he gave a GNC employee his phone number, he would receive all GNC gold card benefits that he was entitled to.

13. Plaintiff had intended to purchase two containers of protein with his GNC gold card knowing he would receive the second container at half-price.

14. When plaintiff went to pay for the protein he told defendant MARLON CLEMONS that although he had received a GNC gold card he did not have it with him. He also told defendant MARLON CLEMONS that he wanted to purchase two containers of protein so that he could take advantage of the large discount on the second container.

15. When plaintiff provided his phone number as he had been instructed to do defendant MARLON CLEMONS told him that there was no record of plaintiff having purchased a GNC gold card.

16. Defendant MARLON CLEMONS agreed to give plaintiff the GNC gold card discount this one time but that plaintiff would have to purchase a GNC gold for future purchases.

17. Plaintiff told defendant MARLON CLEMONS that this was wrong since he had already purchased a GNC gold card and even showed defendant MARLON CLEMONS on his smart phone proof that he had purchased the card.

18. When the transaction was completed plaintiff realized that he had only been charged for one container of protein even though he had told defendant

MARLON CLEMONS that he had wanted to purchase two containers so that he could take advantage of the fifty percent discount on the second container.

19. Plaintiff and defendant began to argue and defendant MARLON CLEMONS repeatedly told the plaintiff that it was plaintiff's fault for not having the GNC gold card.

20. Plaintiff after being continually berated by defendant MARLON CLEMONS threw a container of protein to the floor and left with the container of protein that he had paid for.

21. Defendant MARLON CLEMONS chased after plaintiff and pushed him against a wall and put his arm against plaintiff's throat.

22. Defendant Police Officer Lynn Shortway arrested plaintiff and charged him with a robbery even though plaintiff explained that he had done nothing wrong.

23. Plaintiff was taken to the 28th precinct and then to 100 Centre Street where he remained in custody until he was released at his criminal court arraignment on January 22, 2013.

24. As a result of his arrest plaintiff missed his flight to the Dominican Republic.

25. As a result of his arrest plaintiff had to retain an attorney.

26. Plaintiff was required to appear in court numerous times until his case was dismissed by the New York County District Attorney on September 9, 2013.

27. Plaintiff suffered physical pain, emotional distress, including nightmares, because of his arrest and assault and battery.

28.	Defendants acted maliciously and intentionally.

29.	As a direct and proximate result of the acts of defendants, plaintiff suffered injuries including but not limited to, embarrassment, humiliation, emotional distress, and loss of liberty and property.

**FIRST CLAIM FOR RELIEF**
(FALSE ARREST)

30.	Paragraphs 1 through 29 are herein incorporated by reference.

31.	Defendants subjected plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

32.	Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under the laws of New York Sate and the New York State Constitution.

33.	As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged in the sum of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.	In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B.	Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C.	Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.  Granting such other and further relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
(ASSAULT and BATTERY)

34. Paragraphs 1-33 are incorporated herein by reference.

35. Defendant MARLON CLEMONS, without just cause, willfully and maliciously touched plaintiff without his authorization and used physical force on plaintiff, causing plaintiff to suffer emotional injuries.

36. Defendant MARLON CLEMONS touched plaintiff without his authorization by grabbing him pushing him against a wall and putting his arm against plaintiff's throat.

37. That as a result of the foregoing, plaintiff was intentionally placed in fear and fright of imminent physical harm.

38. That as a result of the foregoing, plaintiff was the object of a battery.

39. Defendant committed the foregoing acts intentionally, willfully, and with malicious disregard for plaintiff's rights and are therefore liable for punitive damages.

40. Plaintiff has been damaged as result of these acts by MARLON CLEMONS in the amount of Five Million ($5,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.  In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B.   Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C.   Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.   Granting such other and further relief as this Court deems just and proper.

THIRD CLAIM FOR RELIEF
(RESPONDEAT SUPERIOR)

41.   Paragraphs 1-40 are incorporated herein by reference.

42.   At the time of the incident described above, DEFENDANT MARLON CLEMONS was an employee, agent, and/or servant of DEFENDANT GNC.

43.   DEFENDANT MARLON CLEMONS was at all times relevant to the incident described above acting within the scope of his employment.

44.   As such, DEFENDANT GNC is responsible for the conduct of DEFENDANT MARLON CLEMONS under the doctrine of *respondeat superior* due to the master-servant relationship that existed at the time of the incident described above.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.   In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B.   Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

    C.    Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

    D.    Granting such other and further relief as this Court deems just and proper.

**FOURTH CLAIM FOR RELIEF**
(NEGLIGENT HIRING, TRAINING, AND RETENTION)

45.    Paragraphs 1-44 are incorporated herein by reference.

46.    Even if DEFENDANT MARLON CLEMMON was not acting within the scope of his employment, DEFENDANT GNC was negligent in that:

    (a) DEFNENDANT GNC negligently hired Marlon Clemons, despite knowing that Marlon Clemons could harm customers such as Plaintiff;

    (b) DEFENDANT GNC failed to screen, or adequately screen, Marlon Clemons;

    (c) DEFENDANT GNC failed to train, or adequately train, Marlon Clemons;

    (d) DEFENDANT GNC failed to supervise, or adequately supervise, Marlon Clemons;

    (e) DEFENDANT GNC negligently retained Marlon Clemons even though it knew, or should have known, that Marlon Clemons posed a danger to customers.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

    A.    In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: New York, New York
      January 2, 2015

BROMBERG LAW OFFICE, P.C.

By: /s/ Jonathan R. Miller
     Jonathan R. Miller
     One of Plaintiff's Attorneys

**Attorneys for Plaintiff**

Brian L. Bromberg
Jonathan R. Miller
Bromberg Law Office, P.C.
26 Broadway, 21st Floor
New York, New York 10004
Telephone: (212) 248-7906
Fax: (212) 248-7908

Jonathan A. Fink
Fink & Katz, PLLC
40 Exchange Place, Suite 2010
New York, New York 10005
Telephone: (212) 385-1373
Fax: (212) 202-4036

Certificate of Service

I, Jonathan R. Miller, an attorney, hereby certify that on January 2, 2015, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

| | |
|---|---|
| Brian Lewis Bromberg | brian@bromberglawoffice.com, |
| Jonathan Anthony Fink | jfink@finkkatz.com |
| Gerald Stephen Smith, Jr. | gss@rutherfordchristie.com |

Dated:  New York, New York
January 2, 2015

/s/ Jonathan R. Miller
Jonathan R. Miller

Jonathan R. Miller
Bromberg Law Office, P.C.
26 Broadway, 21st Floor
New York, NY 10004

1